UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**    (IN CHAMBERS) - ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE (Dkt. 21)

## I. INTRODUCTION

On February 8, 2018, plaintiff Ramtin Massoudi MD Inc. filed the instant action against Seema Verma, Administrator of the Centers for Medicare and Medicaid Services, and Alex Azar, Secretary of the United States Department of Health and Human Services (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff is a Medicare provider that seeks a temporary restraining order, preliminary injunction, and permanent injunction to prevent defendants from recouping approximately $1.1 million as a result of a billing dispute. See Compl. Plaintiff simultaneously filed an ex parte application for a temporary restraining order. Dkt. 6. On March 12, 2018, the Court denied plaintiff's application for a temporary restraining order, finding that plaintiff failed to provide proof of service, and set a hearing on March 12, 2018 for an order to show cause as to why a preliminary injunction should not issue. Dkt. 21.

On February 14, 2018, plaintiff filed proof of service with respect to all defendants. Dkt. 23. On February 26, 2018, defendants filed an opposition. Dkt. 24 ("Opp'n"). Plaintiff filed a reply on March 5, 2018. Dkt. 26 ("Reply").

After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

## II.    BACKGROUND

Plaintiff alleges the following facts.

### A.    Plaintiff's Billing Dispute

Ramtin Massoudi, M.D., is a board-certified physician who specializes in family medicine and venous and lymphatic medicine. Compl. ¶ 14. He is the sole owner of plaintiff Ramtin Massoudi MD Inc., a personal medical corporation based in Los Angeles County, California. Id. ¶ 15. Plaintiff has offices in Beverly Hills, Encino, Glendale, and Irvine, California, though plaintiff alleges that Dr. Massoudi recently closed the Irvine office and will be closing the Beverly Hills office as a result of the recoupment at issue. Id.

Plaintiff alleges that it serves a patient population consisting primarily of elderly, low-income patients, and that approximately 90% of its gross revenue is derived from Medicare reimbursements. Id. ¶ 16. In or about 2015, Dr. Massoudi began using the Clarivein procedure in order to treat patients with venous reflux, a disease affecting "superficial axial veins."[1] Id. ¶¶ 2, 17. Plaintiff asserts that Clarivein is the only minimally-invasive catheter-based hybrid technique available for occlusion after embolization, and asserts that this procedure uses the "Seldinger technique" to access the vein, in which a catheter is inserted into a vessel using radiological ultrasonographic image guidance. Id. ¶¶ 2–3. Plaintiff contends that the Clarivein procedure differs from other vascular occlusion procedures because it involves "precise localization" and application of mechanical and chemical occlusion. Id. ¶ 5.

The billing dispute central to plaintiff's complaint concerns the propriety of its use of billing code 37241 for the Clarivein procedure. Id. ¶ 6. Plaintiff alleges that it is "one of a number of providers" who use that code for the Clarivein procedure in treating venous reflux disease, and that it does so in part based on assurances from the device manufacturer. Id. ¶ 7.

Plaintiff alleges that the billing dispute arose from a recent determination by Noridian Healthcare Solutions, LLC ("Noridian"), a for-profit corporation that contracted

---

[1]    Venous reflux disease is a medical condition in which blood does not properly circulate back from the legs, resulting in the pooling of blood in the legs and distension of veins. Dkt. 8, Declaration of Ramtin Massoudi MD (Massoudi Decl.) ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

with Center for Medicare and Medicaid Services ("CMS") to act as a fiscal intermediary for California, that the Clarivein procedure should have been billed under a different code providing lower reimbursements.[2]  Id. ¶ 8.  CMS contracts with private insurance companies to perform administrative functions for Medicare, and these Medicare Administrative Contractors ("contractors") process claims, determine whether services are covered by Medicare, and determine the amount of payment for services furnished. Id. ¶ 21.  Plaintiff alleges that Noridian is now in the process of recouping over $1.1 million in Medicare payments from plaintiff, and that all of the alleged overpayment relates to plaintiff's use of the Clarivein procedure and billing code 37241.  Id.

Absent injunctive relief, plaintiff contends that it is on the verge of financial collapse and will be "forced out of business."  Id. ¶ 9.  Plaintiff alleges that it is no longer being paid for the services it is rendering to Medicare patients.  Id.  Though plaintiff asserts that it is not requesting the Court to usurp the power of the Administrative Law Judge ("ALJ") to decide the merits of the billing dispute, plaintiff requests the Court to maintain the status quo pending completion of the administrative appeals process.  Id. ¶ 10.

### B. Jurisdiction

Plaintiff asserts that this action arises under the Social Security Act, which implicates the Medicare Act, 42 U.S.C. §§ 1395 et seq., as well as the Fifth Amendment to the Constitution.  Id. ¶ 23.  Plaintiff contends that the Court has jurisdiction pursuant to mandamus, 28 U.S.C. §§ 1331, 1361, the all writs act, 28 U.S.C. § 1651, and under the Court's general equity powers, 42 U.S.C. §§ 405, 1395ii.  Id. ¶ 24.  Plaintiff further contends that the ALJ of CMS has no authority to issue an injunction regarding the $1.1 million recoupment and lacks the power to maintain the status quo pending a final decision.  Id. ¶ 25.

### C. The Administrative Appeals Process

Plaintiff asserts that there are four levels of administrative appeals applicable to a billing dispute.  Pursuant to 42 C.F.R. § 405.371(a)(3), a Medicare contractor—here,

---

[2] In plaintiff's application for a temporary restraining order, it argues that "the sheer frequency with which Clarivein has been used…has prompted an aggressive and systematic attempt by the Medicare contractor, Noridian, to force the downcoding of Clarivein to other, less remunerative bill codes."  Motion at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

Noridian—may offset or recoup Medicare payments to a provider upon a determination that the provider has been overpaid after written notice to the provider of its determination.  Id. ¶ 45.  A provider who wishes to challenge this determination may request a redetermination ("Redetermination Request") of the claim pursuant to 42 C.F.R. § 405.940, which is the first level of administrative appeals.  Id. ¶ 46.

After a Redetermination Decision is issued, a provider may engage in the second level by making a Request for Reconsideration from a qualified independent contractor pursuant to 42 C.F.R. § 405.960.  Id. ¶ 47.

Once a provider has exhausted the first two levels of administrative appeals, and once a Reconsideration Decision becomes final, the Medicare contractor is immediately permitted to recoup any overpayment it is entitled to collect.  Id. ¶ 48 (citing 42 C.F.R. § 405.379(f)).

The third level of administrative appeals allows a provider to request a hearing before an ALJ.  Id. 49 (citing 42 C.F.R. § 405.1000 et seq.).  Upon the filing of a timely request, the provider has a right to a hearing within 90 days.  Id. (citing 42 U.S.C. § 1395ff(d)(1)(A); 42 C.F.R. § 405.1016).  Plaintiff alleges that, despite this right to a speedy hearing, an enormous backlog of undecided appeals means that a provider typically waits three-and-a-half years before obtaining a hearing before an ALJ.  Id. ¶¶ 49, 57, 59, 61.

The fourth level of administrative appeals is review before the Medicare Appeals Council ("Council").  Id.  After the Council issues a decision, a provider may file suit in federal district court.  Id. ¶ 54 (citing 42 C.F.R. § 405.1136 et seq.).

### D.     "Escalation" Proceedings within the Administrative Process

With respect to the third level, if an ALJ has not held a hearing and rendered a decision within 90 days, a provider may bypass the ALJ level and "escalate" its claim directly to the Council, which then has 180 days to act on the escalation request.  Id. ¶ 50 (citing 42 U.S.C. § 1395ff(d)(3)(A); 42 C.F.R. § 405.1104).  Under these circumstances, the Council may conduct additional proceedings and a hearing, though it is not required to do so.  Id. (42 C.F.R. § 405.1108(d)(2)).  Plaintiff asserts that, typically, the Council will *not* hold a hearing or conduct oral argument unless there is an extraordinary question of law or fact, and instead will review the qualified independent contractor's decision— from the second level—de novo.  Id.  If the Council fails to render a decision within 180

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

days, a provider may bypass the Council and seek judicial review. Id. ¶ 53 (citing 42 C.F.R. §§ 405.1132, 405.1100(d)).

With respect to the fourth level, if the Council has not rendered a decision regarding its review of the ALJ's decision within 90 days, a provider may also bypass the Council and seek judicial review. Id. ¶ 53 (citing 42 U.S.C. ¶ 1395ff(d)(3)(B); 42 C.F.R. § 405.1132).

### E. Plaintiff's Administrative Exhaustion

Plaintiff alleges that it submitted and received reimbursement for the Clarivein procedure after using billing code 37241. Id. ¶ 63. Plaintiff asserts that, at the end of 2016, Safeguard Services LLC—a Zone Program Integrity Contractor ("ZPIC")—completed a review of plaintiff's claims and issued an overpayment notification concerning the use of code 37241 in connection with the Clarivein procedure.[3] Id. ¶ 64.

In response, plaintiff made Determination Requests to Noridian, which plaintiff alleges relied on non-binding policy articles in upholding the ZPIC's overpayment determination. Id. ¶ 65. Plaintiff timely appealed Noridian's Redetermination Decisions to a qualified independent contractor, C2C Innovative Solutions (C2C). Id. ¶ 68. On October 5, 2017, C2C issued its first Reconsideration Decision and affirmed the initial overpayment determination in part. Id. ¶ 69. Id. Subsequent to this decision, plaintiff received five more Reconsideration Decisions from C2C; three on October 6, 2017, and two on October 11, 2017. Id. ¶ 70.

Now that plaintiff has received decisions regarding its reconsideration appeals, Noridian is in the process of recouping over $1.1 million pursuant to these decisions. Id. ¶ 71. Plaintiff is no longer receiving payment for services rendered to Medicare beneficiaries. Id. ¶ 71.

## III. LEGAL STANDARD

A "preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689–90 (2008). Thus, a district court should enter a preliminary

---

[3] In its application for a temporary restraining order, plaintiff asserts that Safeguard was awarded a $300 million contract by the CMS to detect Medicare fraud, and that it has a strong incentive to aggressively seek "fraud" by any means possible. Motion at 7, n.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). Such a showing requires that the plaintiff establish he or she "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009); see also Johnson v. Couturier, 572 F.3d 1067, 1081 (9th Cir. 2009); American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

Following Winter, the Ninth Circuit articulated an alternate formulation of the sliding scale test. Post-Winter, serious questions going to the merits and a balance of hardships that tips sharply in favor of the plaintiff can support issuance of a preliminary injunction if plaintiff also shows that there is a likelihood of irreparable injury and the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) ("To the extent prior cases applying the 'serious questions' test have held that a preliminary injunction may issue where the plaintiff shows only that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor, without satisfying the other two prongs, they are superseded by Winter, which requires the plaintiff to make a showing on all four prongs. But the 'serious questions' approach survives Winter when applied as part of the four-element Winter test. That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest" (citation omitted)). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

Plaintiff here expressly seeks to proceed under the "serious questions" formulation of the preliminary injunction standard, and requests the Court to enjoin defendants from recouping payments from plaintiff prior to completion of the administrative process. See Compl.

## IV. DISCUSSION

As an initial matter—before reaching the inquiry of whether a preliminary injunction is warranted—the Court must resolve whether it has subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

jurisdiction, given that plaintiff concedes that its complaint for injunctive relief implicates the Medicare Act.

The Medicare Act, 42 U.S.C. §§ 1395 et seq., is a federally subsidized health insurance program for elderly and disabled persons administered by the Secretary of the Department of Health and Human Services (the "Secretary"), through CMS. The Act consists of four main parts. Part B, as relevant here, is a supplemental insurance program that covers the cost of professional medical services, treatment, and equipment. See 42 U.S.C. §§ 1395–j to 1395–w.

The Medicare Act's exhaustion requirement, 42 U.S.C. § 405(h), makes judicial review under a related provision, 42 U.S.C. § 405(g), "the sole avenue for judicial review" for claims "'arising under' the Medicare Act." Heckler v. Ringer, 466 U.S. 602, 614–15 (1984). As applicable here under Part B, a claim arising under the Medicare Act may be brought in federal district court only after a plaintiff has obtained a "final decision" from the Secretary by exhausting the aforementioned four-step administrative review process. See 42 U.S.C. §§ 1395ii (incorporating 42 U.S.C. § 405(h)), 1395ff(b)(1)(A) (incorporating 42 U.S.C. § 405(g)). A claim "arises under" the Medicare Act if the Act provides "both the standing and the substantive basis" for the claim, or if the claim is "inextricably intertwined with a claim for benefits." Ringer, 466 U.S. 602 at 614–15. The Court in Ringer noted that exhaustion may not be appropriate where a plaintiff's claim is "wholly 'collateral' " to a claim for benefits and his "injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." Id.

Plaintiff concedes that it has only exhausted two of the four levels of administrative review. Motion at 8. Nevertheless, it argues that the Court has jurisdiction to grant injunctive relief pursuant to (1) the waiver doctrine as set forth in Mathews v. Eldridge, 424 U.S. 319 (1976); (2) mandamus jurisdiction under 28 U.S.C. § 1361; and (3) the "no review" exception set forth in Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 19 (2000). Id. at 12, 14–6. The Court shall address each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

### A. Waiver Doctrine

Plaintiff argues that the waiver doctrine set forth in Eldridge is applicable here because the instant action involves an alleged violation of plaintiff's constitutional procedural due process rights. Motion at 12.

Eldridge provides that a "final decision of the Secretary"—central to whether subject matter jurisdiction exists—consists of two separate elements: (1) a nonwaivable requirement that a claim be "presented to the Secretary," and (2) a waivable element that "the administrative remedies prescribed by the Secretary be exhausted." Eldridge, 424 U.S. at 328.

Plaintiff asserts that it has satisfied the nonwaivable element of presentment to the Secretary by diligently pursuing its administrative appeals. Motion at 13. Defendants do not appear to contest that plaintiff has satisfied the nonwaivable element of presentment.

Despite defendants' failure to contest the issue of presentment, the Court observes that the Ninth Circuit has addressed a similar issue concerning presentment in Haro v. Sebelius, in which Medicare beneficiaries sought injunctive relief regarding "upon front" reimbursement to the Secretary. 747 F.3d 1099, 1102 (9th Cir. 2014). In particular, the beneficiaries argued before the district court that the Secretary's practice of ordering reimbursement before a final determination on any alleged overpayment was beyond the Secretary's regulatory authority and violated due process. Id.

In its analysis of whether the district court had subject matter jurisdiction to enjoin the Secretary from collecting debts pending administrative appeal, the Ninth Circuit noted that the purpose of presentment is to allow an agency "greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions," and that this purpose is not fulfilled if plaintiffs are permitted to raise claims in federal court that were not raised before the agency. Id. at 1113. The Ninth Circuit reasoned that the case before the district court did not involve a claim for benefits, and instead concerned the lawfulness of the Secretary's policy of demanding up-front reimbursement. Id. In contrast, the beneficiaries' requests for determination before the Secretary concerned the "respective *amounts* of reimbursement." Id. Because the beneficiaries "did not provide an opportunity for the Secretary to consider the claim" that the Secretary's interpretation of applicable law exceeded applicable authority, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

concluded that the beneficiaries failed to present their challenge to the collection procedures to the Secretary, and thus failed to satisfy the presentment requirement. Id.

Like the beneficiaries in Haro, the Court finds that nothing in the record indicates that plaintiff presented its claim concerning the unlawfulness of the recoupment process to the Secretary. Accordingly, it appears that plaintiff has failed to satisfy the presentment requirement concerning its requested injunctive relief, which is a "purely jurisdictional" requirement. See Haro, 747 F.3d 1099 at 1112.

Assuming arguendo that plaintiff has presented its due process claim to the Secretary, the Court addresses the requirements necessary for plaintiff to demonstrate appropriate waiver of exhaustion of administrative remedies.

For waiver of the exhaustion requirement to apply, "[t]he claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief sought will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Kaiser v. Blue Cross of California, 347 F.3d 1107, 1115 (9th Cir. 2003).

    **1.**     **Irreparability**

Because the Court finds that the facts in this case show that plaintiff has not properly demonstrated irreparable harm—such that plaintiff is not entitled to waiver of the administrative exhaustion requirement—the Court addresses this issue first.

Plaintiff argues that denial of relief would result in economic harm that is not compensable. Motion at 14. In particular, plaintiff contends that it has already closed two offices and fired two of eight employees because it cannot afford to pay them. Id. at 20. Moreover, plaintiff argues that deprivation of its constitutional due process rights "unquestionably constitutes irreparable harm." Id. (quoting Rodriguez v. Robins, 715 F.3d 1127, 1144 (9th Cir. 2013)). Plaintiff contends that the threatened irreparable harm cannot be mitigated through the administrative process. In this regard, plaintiff asserts that the "escalation" procedures cannot mitigate the harm, as the decision that becomes subject to review is the qualified independent contractor's decision, which was made without a hearing. Id. at 20–21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

In opposition, defendants note that if a provider believes it would face significant financial hardship due to recoupment, the provider may request an Extended Repayment Schedule ("ERS"), which allows a provider to repay the overpayment over a term of up to 60 months, subject to certain qualifications. Opp'n at 4 (citing 42 U.S.C § 1395ddd(f)(1)(A); 42 C.F.R. § 401.607(c)(2)(vi)). For example, a qualifying provider must demonstrate through financial documents that repayment within 30 days would constitute a hardship because the amount of repayment is greater than or equal to 10 percent of the total Medicare payments made to the provider for the previous calendar year. Id. (citing 42 U.S.C. § 1395ddd(f)(1)(B)(i); 42 C.F.R. § 401.607(c)(2)(i)).

Moreover, defendants argue that monetary harm alone is often insufficient to establish irreparability, and that the Supreme Court has recognized that the ability to recover denied benefits through the administrative process is an adequate legal remedy. Id. at 8–9 (citing Ringer, 466 U.S. at 618). Defendants assert that if plaintiff prevails on its administrative challenges, it will be repaid all unnecessarily recouped amounts plus interest. Id. at 9 (citing 42 U.S.C. § 1395ddd(f)(2)(B)). Defendants further contend that plaintiff's argument regarding irreparable harm fails because even in cases where Medicare providers allege that they will lose their businesses, those losses do not constitute irreparable harm. Id. (citing Ivanchenko v. Burwell, 2016 WL 6995570 at *1 (N.D. Ill. Nov. 30, 2016); Great Rivers Home Care, Inc. v. Thompson, 170 F. Supp. 2d 900, 906 (E.D. Mo. 2001)).

In reply, plaintiff asserts that the ERS would "not help plaintiff with respect to the monies already recouped" and that "it is not entirely clear that plaintiff would even be entitled to an ERS at this stage," given that "a request for ERS needs to be made within 30 days." Reply at 2. Plaintiff further contends that the financial harm it faces is irreparable insofar as plaintiff will be forced to go out of business altogether. Id. at 5. It argues that the Ninth Circuit has determined that the "threat of being driven out of business is sufficient to establish irreparable harm." Id. (citing American Passage Media Corp. v. Cass Communications, Inc., 750 F.2d 1470, 1474 (9th Cir. 1985)). Moreover, plaintiff asserts that deprivation of constitutional rights constitutes irreparable harm. Id. at 5–6.

"A colorable claim of irreparable harm is one that is not wholly insubstantial, immaterial, or frivolous." Kildare v. Saenz, 325 F.3d 1078, 1083 (9th Cir. 2003) (citation and quotation omitted). Although plaintiff argues that it will "likely" be forced to close its four offices, plaintiff offers little supporting documentation for this assertion that its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

financial hardship results *only* from the recoupment. In addition, occasional individual hardship resulting from the requisite exhaustion of the multi-level administrative process was anticipated by Congress in enacting section 405(h), which bars federal question jurisdiction over Medicare claims brought pursuant to 28 U.S.C. § 1331. The Supreme Court remarked on this point and noted that Congress intended 405(h) to

> assure[] the agency a greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness and exhaustion' exceptions case by case .... but this assurance comes at a price, namely occasional individual, delay-related hardship.

Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000).

      Moreover, plaintiff's asserted delay-related hardship does not appear to rise to the level of irreparable harm. Ninth Circuit authority holds that monetary injury is normally not considered irreparable, and plaintiff provides no argument or evidence demonstrating why its alleged irreparable harm is not compensable through money damages. See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). In addition, in a case regarding a Medicare provider's request for injunctive relief, the Eleventh Circuit considered an appeal concerning the efforts of a Medicare provider to restrain collection on alleged overpayment. V.N.A. of Greater Tift County, Inc. v. Heckerl, 711 F.2d 1020 (11th Cir. 1983). Though the Court found that it had jurisdiction to decide the claim for injunctive relief, in concluding that appellant had not demonstrated irreparable injury by arguing that it would be forced out of business, the Court observed

> [t]he problem of bankruptcy is endemic to a system which relies on … cash-poor providers which are wholly dependent on Medicare reimbursement. Were irreparable injury the only criteria for exercise of jurisdiction, the courts would be inundated by claims from other providers whenever they were determined …to have been overpaid. [Next], providers do not lack notice of these review provisions. Having chosen to operate within the system on a cash-poor basis, they take a knowing risk that an intermediary's determination might delay payment.

Id. at 1034. The Court finds the Eleventh Circuit's reasoning persuasive and applicable here. In addition, the Court notes that plaintiff has applied for an ERS to lessen the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

burden of payments, and is awaiting determination of its application. See dkt. 31. In light of these considerations, the Court cannot conclude that plaintiff has demonstrated a showing of irreparable injury.[4]

Because plaintiff fails to sufficiently demonstrate irreparability, and in light of its failure to request an ERS, and because irreparability is a prerequisite to determining waiver, the Court finds that plaintiff fails to demonstrate a basis for waiver of the administrative exhaustion requirements.

### B.  Mandamus Jurisdiction

Plaintiff argues that the Court has jurisdiction under 28 U.S.C. § 1361, the mandamus statute. Motion at 15. Plaintiff cites Elliot v. Weinberger, 564 F.2d 1219, 1225–26 (9th Cir. 1977) for the proposition that mandamus encompasses suits to compel the Secretary's compliance with due process requirements, and further argues that this holding is nearly unanimous among all Circuits. Id.

The Ninth Circuit's test concerning when mandamus is appropriate requires that "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003).

With respect to the Ninth Circuit's test, plaintiff asserts that the Secretary has a clear and non-discretionary duty to provide plaintiff with a hearing before a neutral ALJ and to provide an ALJ decision within 90 days of plaintiff's timely request, pursuant to 42 U.S.C. § 1395ff(d)(1)(A) and 42 C.F.R. § 405.1016. Id. Plaintiff argues that because the Secretary has admitted that the Office of Medicare Hearings and Appeals is currently incapable of complying with this statutory mandate, the failure to provide plaintiff with a timely hearing constitutes a violation of its due process rights. Id. at 16. Furthermore, plaintiff asserts that because recoupment and refusal to terminate recoupment are not initial determinations that may be appealed, plaintiff has no other adequate remedy. Id.

---

[4]  Moreover, in light of the Court's analysis *infra* that plaintiff fails to demonstrate that its procedural due process rights have been violated, plaintiff has no basis for invoking "constitutional injury" to demonstrate irreparable harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

In opposition, defendants assert that a plaintiff may not use mandamus as a way to circumvent the administrative appeals process, and that plaintiff's failure here to exhaust its administrative remedies is sufficient to deny mandamus jurisdiction. Opp'n at 10 (citing Ringer, 466 U.S. at 616–17). Moreover, defendants argue that plaintiff has not shown that the Secretary owes it a "clear nondiscretionary duty" to pause recoupment during the latter two levels of administrative review. Id. Instead, defendants point out that the Secretary is statutorily authorized to proceed with recoupment while the administrative review proceeds beyond the first two levels. Id. (citing 42 U.S.C. § 1395ddd(f)(2)(A)). Defendants argue that although plaintiff points to the Secretary's duty to provide an ALJ hearing and decision within 90 days of a written request, this duty is "irrelevant" in light of the Court's order to show cause, which contemplates an injunction preventing defendants from "withholding, recouping, or otherwise failing to pay [Plaintiff] its future Medicare receivables pending the outcome of an administrative hearing before an Administrative Law Judge." Id. (citing Dkt. 21 at 2).

Finally, defendants argue that the administrative review process provides plaintiff with an adequate remedy insofar as plaintiff will be repaid any amounts that were unnecessarily recouped, plus interest, in the event that plaintiff prevails. Id.

Plaintiff argues in response that defendants attempt to re-characterize the asserted nondiscretionary duty as a duty to "pause recoupment." Reply at 6. Yet instead, plaintiff asserts that defendants have a duty to provide a decision within 90 days of plaintiff's timely appeal of the Reconsideration Decision. Reply at 6–7. Plaintiff argues that defendants wholly fail to address this argument. Id.

As an initial matter, the Court finds that plaintiff may be incorrect in asserting that the Secretary has a non-discretionary duty to provide a hearing before an ALJ and an ALJ decision within 90 days of a timely and valid request. In its briefing, plaintiff fails to cite authority or make argument as to why the Secretary has a clear, non-discretionary duty in this regard. Yet at the March 12, 2018 hearing, counsel for plaintiff asserted that the Court of Appeals in the District of Columbia in American Hospital Association v. Burwell recently ruled on this issue and determined that the Secretary has a clear, non-discretionary duty to provide an ALJ decision and hearing within 90 days. 812 F.3d 183 (D.C. Cir. 2016). In that case, the court held that the aforementioned 90-day timeframe was a mandatory deadline in light of the mandatory statutory language, and that the options for escalation did not "necessarily undermine the force of the command." Id. at 190. Accordingly, the court held that the Medicare Act imposes a clear duty on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

Secretary to comply with statutory deadlines, and that escalation was "inadequate in the circumstances of this case." Id. at 192. However, the Court notes that case law from other courts in other Circuits comes to precisely the opposite conclusion—for example, the Fourth Circuit recently held that an ALJ's responsibility to hold a hearing and issue a decision within 90 days is *not* a mandatory duty. See Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 50, 55 (4th Cir. 2016) ("[T]he Medicare Act does not guarantee a healthcare provider a hearing before an ALJ within 90 days, as the [plaintiff] claims. Rather, it provides a comprehensive administrative process…that a healthcare provider must exhaust before ultimately obtaining review in a United States district court …. [I]nstead of creating a right to go to court to enforce the 90–day deadline, Congress specifically gave the healthcare provider a choice of either waiting for the ALJ hearing beyond the 90–day deadline or continuing within the administrative process by escalation to the next level of review."); see also Ivanchenko v. Burwell, No. 16-CV-9056, 2016 WL 6995570, at *5 (N.D. Ill. Nov. 30, 2016) ("Plaintiffs' failure to exhaust their administrative remedies cannot be excused here … because the Plaintiffs have alternative administrative avenues to resolve their claims, and the 90-day deadline for ALJs to render their decisions is not mandatory."). In light of this conflicting case law, and given the apparent lack of controlling authority on this issue, plaintiff fails to articulate a basis for its assertion that the Secretary's duty to provide an ALJ hearing and decision within 90 days of a timely request is both clear and non-discretionary.

Assuming arguendo that plaintiff sufficiently demonstrates that the Secretary owes a clear, non-discretionary duty to provide a hearing before an ALJ within 90 days of plaintiff's request, the next inquiry is whether an adequate remedy is available. With respect to this inquiry, the "common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff *only* if he has exhausted *all* other avenues of relief,"—in sum, it is intended to provide relief when no other adequate remedy is available. Ringer, 466 U.S. 602 at 616 (emphasis added). The Court observes that plaintiff makes a barebones-assertion that it is entitled to review of the recoupment process; plaintiff argues generally that the recoupment process was initiated before plaintiff could obtain a hearing, that this violates its procedural due process rights, and that it has *no* adequate remedy available with regard to these due process concerns. In particular, plaintiff contends—without authority—that it is entitled to a pre-recoupment hearing insofar as plaintiff was "without fault" with regard to the alleged billing mistake. See Motion at 18–19. Though plaintiff later cites Califano v. Yamasaki, 442 U.S. 682, 696–697 (1979) for the conclusion that due process requires a pre-recoupment hearing for Social Security beneficiaries, plaintiff does not articulate how this holding extends to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

Medicare *providers* in the context of recoupment proceedings. Motion at 13–14. Accordingly, plaintiff fails to demonstrate its entitlement to review of the of the recoupment proceedings insofar as it fails to show that recoupment conducted prior to an ALJ hearing violates its procedural due process rights. Moreover, the Court observes that the four-level administrative appeals process provides plaintiff with an adequate remedy because, should plaintiff prevail in that process, it will be repaid any amounts that were unnecessarily recouped plus interest. 42 U.S.C. § 1395ddd(f)(2)(B); see also Ringer, 466 U.S. at 618. Therefore, the Court finds that mandamus jurisdiction is not appropriate in this case.

### C. "No Review" Exception

Plaintiff argues that the Court has jurisdiction under the "no review at all" exception set forth in Illinois Council, 529 U.S. 1 at 19. In that case, the United States Supreme Court held that where an administrative appeal process would amount to "no review at all" of the claim, this process may be bypassed and 28 U.S.C. § 1331 may be invoked. Motion at 16. Here, plaintiff argues that it has no means of challenging recoupment of its Medicare payments, and that this recoupment is immediately permitted upon the issuance of the Reconsideration Decision by the qualified independent contractor. Id. at 16–17.

In opposition, defendants contend that the "no review" exception is narrow and applies only when a general hardship amounts to a categorical lack of review. Opp'n at 11 (citing Illinois Council, 529 U.S. at 22–23). Defendants argue that plaintiff cannot show the necessary lack of review, as it is in the midst of a multi-level administrative review process and has had two opportunities already to challenge the overpayment decision and to provide evidence in support of its position. Id. (citing 42 C.F.R. §§ 405.946, 405.966). Moreover, plaintiff may seek review before an ALJ, and seek review of the ALJ's decision before the Council. Id.

Plaintiff argues in reply that defendants "miss the point," and that plaintiff contends it cannot receive review with respect to the immediate recoupment of the Medicare payments, which amounts to a denial of its procedural due process rights. Reply at 7.

The United States Supreme Court has held that there can be no federal question jurisdiction for any claims arising out of the Medicare process absent exhaustion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 23, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

administrative remedies. In <u>Illinois Council</u>, the Court held that section 405(h), as incorporated by 42 U.S.C. § 1395ii, barred federal question jurisdiction over actions brought pursuant to 28 U.S.C. § 1331, unless the application of the Medicare Act "would not simply channel review through the agency, but would mean no review at all." <u>Id.</u> at 19.

"Although [plaintiff] would clearly prefer an immediate appeal to the District Court rather than the often lengthy administrative review process, exhaustion of administrative remedies is in no sense futile" for plaintiff, and thus, it "must adhere to the administrative procedure which Congress has established for adjudicating [its] Medicare claims." <u>Ringer</u>, 466 U.S. 602 at 619. Because administrative review can correct the recoupment errors alleged by plaintiff, and because the Court concludes *supra* that plaintiff has not convincingly identified any due process entitlement to a pre-recoupment oral hearing, the Court finds that the (1) administrative process will afford an adequate remedy with respect to the alleged recoupment errors, and (2) absent a stronger showing that plaintiff is entitled to a pre-recoupment oral hearing, the four-level administrative appeals process appears to afford plaintiff sufficient due process protections.

In light of the Court's conclusions above, the Court finds that it lacks jurisdiction to consider plaintiff's request for injunctive relief. Accordingly, the Court **DISMISSES without prejudice** plaintiff's complaint for lack of subject matter jurisdiction.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DISMISSES without prejudice** plaintiff's case for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |