## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 24, 2018 |
|---|---|---|---|
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                             Not Present

**Proceedings:**          (IN CHAMBERS) - PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT (Dkt. 28)

   The Court finds this motion appropriate for decision without oral argument. Fed.
R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 30,
2018 is vacated, and the matter is hereby taken under submission.

   On March 30, 2018, plaintiff Ramtin Massoudi MD Inc. requested leave to amend
its complaint and to add a request for mandamus relief "on behalf of all provide[rs]." See
Dkt. 28. In particular, plaintiff seeks leave to add "minor, non-substantive factual
corrections and updates," and to add one substantive change that requests the Department
of Health and Human Services to "comply with all statutory, mandatory time-limits that
govern the administrative appeals process for Medicare overpayment challenges." Id. at
3.

   In opposition, defendants Alex Azar and Seema Verma contend that plaintiff's
proposed amendments are futile, as the Court lacks jurisdiction to issue the requested
injunctive relief. Dkt. 30. Moreover, defendants contend that plaintiff's proposed
amendments fail to allege sufficient facts to establish its standing to seek mandamus—as
plaintiff has failed to establish that any of its administrative appeals have been pending
for longer than 90 days—and that plaintiff has failed to establish a basis for seeking
mandamus relief on behalf of all providers. Id. at 4–5. Defendants further contend that
the Ninth Circuit recently affirmed a district court's denial of a similar request for
mandamus to compel the Secretary to provide a hearing before an ALJ, and thus,
defendants argue that amendment is futile. Id. at 5 (citing Casa Colina Hosp. & Centers
for Healthcare v. Wright, 698 F. App'x 406, 407 (9th Cir. 2017)).

   Federal Rule of Civil Procedure 15 provides that after a responsive pleading has
been filed, "a party may amend its pleading only with the opposing party's written

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:18-cv-1087-CAS(JPRx) | Date | April 24, 2018 |
| Title | RAMTIN MASSOUDI MD INC. v. ALEX AZAR ET AL. | | |

consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).  "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); see Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion).

At this juncture, it does not appear that amendment would prejudice defendants. Moreover, given that plaintiff has not previously amended the complaint and does not appear to have engaged in bad faith or undue delay in seeking this proposed amendment, the Court concludes that leave to amend should be granted.  Accordingly, the Court **GRANTS** plaintiff's request for leave to amend its complaint.  Plaintiff may file the proposed first amended complaint identified in Exhibit 1 on or before **April 30, 2018.**

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
| Initials of Preparer | | | CMJ | |